# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## THOMAS KELLEY, Respondent, v. JAMES J. McMAHON, Appellant.

*Duty of the court to determine an equitable action, where a temporary injunction has been granted and an issue joined therein, although the matter in dispute has been decided by the lapse of time — when the court should determine the case simply for the purpose of settling the rights of the parties to costs.*

APPEAL from a judgment, entered upon the report of a referee.

The action was brought to reform a lease executed by the defendant to the plaintiff, on the ground of mistake. The lease was dated June 8, 1881, and was for a term of three years, rent payable quarterly, in advance, unless the lessor should sell the premises, and in case he did, he was to give the tenant one month's notice to leave. The alleged mistake was that the lease omitted to state (as the parties had agreed) that the lessee should, in any event, have the premises for one year; and that the provision that he should leave on a month's notice, in case of sale, was to operate only after the expiration of the first year. The complaint alleged that the defendant had commenced summary proceedings to remove the plaintiff on the ground that the lease had expired by reason of a sale of the premises and a month's notice to quit, although the first year had not elapsed; and a part of the relief demanded was that the defendant be enjoined from dispossessing the plaintiff for expiration of the term within the year. The defendant answered, and the issues were referred to a referee to hear and decide. The cause came on for trial before the referee on August 2, 1882; and it then appearing that the first year of the term created by the lease had expired, and that the plaintiff had surrendered the possession of the premises to the defendant's grantee. The referee decided that he would not hear the case upon its merits merely for the purpose of deciding upon the question of costs; and he directed that the complaint be dismissed, but without preju-

dice to the right of the defendant to take such action as he might deem advisable to recover such damages as he might have sustained by reason of the injunction (which, as appears by a recital in the decision, had been issued on motion of the plaintiff, and had not been vacated), and to show to the court that plaintiff was not entitled to such injunction; but without deciding on the question whether the plaintiff was entitled to the injunction, or whether the defendant is entitled to any damage by reason thereof. Judgment was entered accordingly. The defendant's counsel duly excepted to said decision, and particularly to the refusal of the referee to decide the question of the right to the injunction.

The court at General Term said : " In declining to decide whether the plaintiff was entitled to the injunction and to hear and decide the case upon its merits, so far as was necessary to a determination of that question, we think the learned referee erred. The case is one in which the plaintiff was required, as a condition of obtaining the injunction, to execute an undertaking to the effect that he would pay to the defendant such damages, not exceeding a sum specified in the undertaking, as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto. (Code, § 620.) Such decision, properly, should be made on a trial of the cause, when issues have been joined.

" After the referee made his decision, and judgment had been entered thereon, the defendant moved at Special Term for an order of reference to ascertain the damages which he alleged he had sustained by reason of the issuing of the injunction. The motion was denied on the ground that it appeared by the judgment that the question whether the plaintiff was entitled to the injunction had not been decided. On appeal to this court, the order was affirmed. Mr. Justice HARDIN, who wrote the opinion, in which the other members of the court concurred, remarked that ' this was an equity action, and the court had power to dismiss the complaint in part and to retain it in part, for the purpose of considering, at a later stage, parts of the case not then passed upon. It could have expressly reserved the questions relating to the injunction. We incline to the opinion that the court having, by its referee, omitted to pass upon that branch of the case relating to the rights to an injunction, the defendant might have applied for an order to compel

the referee to pass upon that question, or might have excepted to his refusal to pass upon the question, and upon a case presenting the proper exceptions had a review of the refusal of the referee and a reversal of his decision. It did not appear on that appeal that the defendant had excepted to the referee's decision.

" The case shows that the defendant offered the proof as bearing also on the question of costs. The referee declined to hear it for that purpose, and the defendant excepted. In that ruling we think there was error. Although the term of the lease had expired, even as it was claimed to be by the plaintiff, yet it was proper that the. question of costs should be decided according to the equities of the case existing when the suit was commenced.

" For these reasons we think the judgment should be reversed and a new trial ordered before another referee, so far as the questions of costs and the right to the injunction are concerned, with costs of the appeal to abide the event."

*E. D. Northrup*, for the appellant.

*Vedder & Rider*, for the respondent.

Opinion by SMITH, P. J.; all concurred.

So ordered.